AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
## SOUTHERN DISTRICT OF NEW YORK

PATRICK WILLIS
_____
*Plaintiff*

v.

THE CITY OF NEW YORK, P.O. MARIA
ARRUZA SHIELD NO. 07397
~~P.O. "JOHN DOE", the name being~~
fictitious          *Defendant*

)
)
)
)
)
)
)
)
)

12 CV 5259

Civil Action No.

**JUDGE ABRAMS**

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

The City of New York - 1 Centre Street, New York, N.Y. 10007
P.O. Maria Arruza & P.O. "John Doe" - 1 Police Plaza, N.Y., N.Y. 10007

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Yalkut & Israel
865B Walton Avenue
Bronx, New York 10451

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: June JUL - 6 2012

_____
*Signature of Clerk or Deputy Clerk*

CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PATRICK WILLIS

                             **Plaintiff,**

          **-against-**

THE CITY OF NEW YORK P.O. MARIA ARRUZA,
(NEW YORK CITY POLICE DEPARTMENT)
P.O.'s "JOHN DOE" #1-10 individually and in their
Official Capacities (the name "JOHN DOE" being
fictitious, as the true names are presently unknown),

                        **Defendants.**

-----------------------------------------------------------------X

FILED
JUL - 6 2012
USDC WP SDNY

**COMPLAINT**

**JURY TRIAL DEMANDED**



JUDGE ABRAMS

12 CV 5259

    The Plaintiffs by their attorneys, Yalkut & Israel, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages fees pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 for violation of their civil rights and the Constitutions of New York and the United States.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution

## VENUE

3.    Venue is properly laid in the Southern District of New York under 28 U.S.C. 1391(b) in that this is the District in which the claim arose.

## JURY DEMAND

4.    Plaintiff respectfully demands trial by jury of all issues in this matter pursuant to Federal

Rules of Civil Procedure, P. 38(b)

## PARTIES

5.   That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK (hereinafter referred to as "CITY") was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

6.   That at all times herein mentioned the Plaintiff resides in the City, County and State of New York;

7.   .This action is commenced within two years of the date of the incident and/or accrual of the cause of action.

8.   That at all times hereinafter mentioned, defendant, "CITY, owns the " POLICE" as a subsidiary;

.9.   That at all times hereinafter mentioned, defendant, "CITY", maintains and operates the "POLICE";

10.   That at all times herein mentioned, the defendant "CITY" controls the "POLICE";

11.   That at all times hereinafter mentioned, defendant, CITY, manages  the "POLICE";

12.   That at all times herein mentioned the defendant "P.O. MARIA ARRUZA" was an employee of the defendant "CITY" and "POLICE";

13.   On June 22, 2011 at approximately 7:45 p.m. of that day, plaintiff was lawfully at or near the front of 645 Lenox Avenue, County, City and New York at apartment 1 thereof, when the defendant P.O. MARIA ARRUZA and other members of the "POLICE" and "CITY", responded to said location.

14.   Plaintiff was falsely imprisoned at the scene of the occurrence and continuing thereafter at the 32nd Precinct the 28th Precinct, the police van, Central Booking and the Criminal

Court of the City of New York;

15. The criminal action against the Plaintiffs were disposed of as follows: Case Dismissed

16. The Plaintiffs were intentionally confined by the Defendants without their consent and this confinement was not otherwise privileged by law and at all times the plaintiffs were conscious of their confinement;

## FIRST COUNT-FALSE IMPRISONMENT

17. On June 22, 2011 at approximately 7:45 p.m. of that day, plaintiff was lawfully at or near the front of 645 Lenox Avenue, County, City and New York at apartment 1 thereof, when the defendant P.O. MARIA ARRUZA and other members of the "POLICE" and "CITY", responded to said location.

18. Plaintiff was lawfully at said location.

19. Plaintiff was falsely imprisoned at the scene of the occurrence, continuing thereafter within the police van, the 32nd precinct, the 28th precinct, Central Booking and the Criminal Court of the City of New York;

20. As a result of the aforementioned, plaintiff suffered emotional trauma, personal injuries, feared for his life, sustained severe and serious other consequential damages.

21. Plaintiff intends to claim punitive damages and legal fees for all of the counts interposed

22. The criminal action against the Plaintiff was disposed of as follows: Case Dismissed

23. The Plaintiff was intentionally confined by the Defendants without his consent and this confinement was not otherwise privileged by law and at all times the plaintiffs was conscious of her confinement;

24. The defendants P.O. Maria Arruza and P.O.s #1-10 were all members of the "Police" Department, all under the supervision of ranking officers of said department and were

acting within their scope of authority.

25.    As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional

limits of The United States District Court, Southern District and in excess of the

Jurisdictional limits of all inferior Courts.

### SECOND COUNT-NEGLIGENT TREATMENT:

26..    Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1"

through"25" herein as if more fully set forth at length;

27.    At the aforementioned time and place, plaintiff was negligently treated by the defendant

P.O. Maria Arruza and    by various police officers employed by the defendant, "CITY"

and "POLICE" in that a    proper investigation was not conducted prior to the incident

complained of;

28.    Said police officers were acting within the course and scope of their employment with

defendants         .

29.    Plaintiff intends to claim punitive damages and legal fees for all of the counts herein

30.    As a result of the foregoing, plaintiff has been damaged in a sum within  the Jurisdictional

limits of The United States District Court, Southern District and in  excess of

the Jurisdictional limits of all inferior Courts                                    .

### THIRD COUNT-INVASION OF PRIVACY:

31.    Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1"

through "30"herein as if more fully set forth at length

32.    The aforementioned occurrence constituted an invasion of the privacy of plaintiff;

33.    As a result of the foregoing, Plaintiff  sustained severe and serious emotional personal

injuries and other consequential damages.

33.   Plaintiff intends to claim punitive damages and legal fees for all of the counts interposed herein.

34.   As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

## FOURTH COUNT-CIVIL RIGHTS VIOLATION:

35.   Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "34" herein as if more fully set forth at length:

36.   As a result of the aforementioned occurrence, plaintiff was deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including but not limited to 42 USC § 1981, §1983, §1985, 1988 and 28 USC § 1343.

37.   As a result of the foregoing, plaintiff suffered personal injuries emotional trauma, feared for his life, sustained severe and serious other consequential damages.

38.   Plaintiff intends to claim punitive damages and legal fees for all of the causes of action interposed herein.

39.   As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

## FIFTH COUNT-NEGLIGENCE

40.   Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "39" herein as if more fully set forth at length:

41    The aforementioned occurrence took place by reason of the negligence of defendants, its

agents, servants and/or employees, including various police officers.

42.    The defendant, P.O. MARIA ARRUZA did without probable cause existing, proceeded to arrest the plaintiff without proper investigation to ascertain as to whether a crime had been committed;

43.    As a result of the foregoing, Plaintiff suffered personal injuries, emotional trauma, feared for his life, sustained severe and serious other consequential damages.

44.    Plaintiff intends to claim punitive damages and legal fees for all of the causes of action interposed herein.

45.    As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

## SIXTH COUNT-PRIMA FACIE TORT

46.    Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "45" herein as if more fully set forth at length.

47.    Defendants with intent to emotionally harm plaintiff and without justification, intentionally acted to emotionally harm said plaintiff, causing pecuniary loss to plaintiff,

48.    The plaintiff is seeking damages in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts..

## SEVENTH COUNT MUNICIPAL LIABILITY

49.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs " 1" through "48" as if the same were more fully set forth at length herein.

50.    Defendants imprisoned and detained the Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said imprisonment and